[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13346
PROCEDURAL HISTORY
This matter first came to the court by summons and complaint dated May 12, 2000, and returnable June 6, 2000, in which complaint the plaintiff petitioner sought a dissolution of marriage, conveyance of the defendant wife's undivided one-half interest of the jointly owned real estate at 275 Walnut Street, Winsted, Connecticut (the "Winsted Property") and such other relief as the court deems fair and equitable. Accompanying the complaint was a notice of automatic court orders, a motion for sale of the Winsted Property and a copy of the lis pendens related to the Winsted Property.
On June 2, 2000, the defendant appeared through counsel and filed a cross complaint seeking a dissolution of marriage, a property settlement under General Statutes § 46b-81 and such other relief as the court deems just and equitable. On September 25, 2000, the plaintiff filed a motion for reconciliation.
On October 19, 2000, the court entered a judgment of dismissal of action for failure to file a case management order. On November 22, 2000, the plaintiff filed a motion to reopen the dismissal, which motion the court granted on December 4, 2000. On March 29, 2001 the plaintiff filed a motion to compel related to discovery, which was granted by the court on April 9, 2001. The defendant filed a motion to compel on April 9, 2001, which was the subject of an agreement entered by the court on April 23, 2001. There are several additional pendente lite motions filed by the parties, which do not appear to have been acted on by the court.
FINDINGS OF FACT
The defendant, whose maiden name was Andrea M. Randlett, and the plaintiff were joined in matrimony at New Haven, Connecticut on June 19, 1998.
The plaintiff resided continuously in this state for more than one year prior to the initiation of these proceedings. The marriage of the parties has broken down irretrievably with no reasonable prospect for reconciliation. The plaintiff and the defendant have no minor children issue of this marriage. No minor children have been born to the defendant wife since the date of the marriage of the parties. The defendant wife has one child not issue of the marriage, a daughter age 10.
Neither the state of Connecticut nor any municipality, town, city or subdivision thereof is contributing to the support and maintenance of CT Page 13347 either the plaintiff or the defendant. This is the second marriage for the plaintiff and the first marriage for the defendant. The husband's education extended through completing high school.
The wife's education extended through completing high school and through a licensed practical nurse program. The parties separated in March 2000. The plaintiff claimed that one of the causes of the breakdown was the defendant becoming interested in other men. The defendant claims that the plaintiffs controlling personality and concerns over the safety of the defendant's daughter caused the breakdown of the marriage. The friend of the defendant was identified by name in the proceedings.
The plaintiff has been employed since April 2001, as a maintenance worker at Prospect Lake Park in Massachusetts. He had previously been employed at White Pines Campsites in Barkhamsted, Connecticut from June through October 1999, and April through October 2000. From the financial affidavits of the parties the court finds, as concerns the plaintiff; that his principal employer is Prospect Lake Park. The plaintiffs weekly gross income is $350.00, less itemized deductions that appear reasonable in the amount of $62.00 for a net of $288.00. The plaintiff shows expenses of $332.00. The plaintiffs affidavit reflects total debt presently in the amount of $2,726.00. He also indicates assets with a total value of $102,888.00. The plaintiff has diabetes and additional medical problems.
The defendant is employed as a licensed practical nurse for Priority Care, Inc. of New Haven, Connecticut. The defendant's financial affidavit reflects her occupation as a licensed practical nurse with Priority Care, Inc. of North Haven, Connecticut. Her weekly gross income is $872.00, with deductions of $329.12. She shows a net of $542.88, weekly expenses of $733.75, and debts totaling $3,584.56. She also indicates assets with a value of $12,159.81. The plaintiff contributed the funds used for the purchase of the Winsted property.
The defendant, during the time of the marriage and prior to the separation in April 1999, contributed more of the total income used to support the household. The plaintiff claims that the reconciliation discussion in September 1999 was a ruse to have the plaintiff split the proceeds from the sale of the Winsted property with the defendant. The plaintiff paid joint credit card debt of $7,468.09 after the parties separated.
DISCUSSION
This is a marriage of approximately two years duration. The parties have been separated since March 2000. This is the second marriage for the CT Page 13348 plaintiff and the first marriage for the defendant. There are no children issue of this marital union. There is no welfare involved. The plaintiff is age 50 and indicates that he has diabetes and other health issues. The defendant described her health as good. The plaintiff is employed as a maintenance worker at a camp ground in Massachusetts. The defendant has presently a position with Priority Care, Inc. as a licensed practical nurse.
The breakdown in the marital union was apparently attributable, in some measure, to the abusive, inappropriate or derogatory language used by the plaintiff and directed to the defendant's daughter. One particular incident was, according to the defendant, the catalyst for the defendant's decision to separate from the plaintiff in April 2000. The defendant admits in his testimony that there was an incident but did not regard it as a serious problem.
It has also been claimed that the defendant has been involved in an inappropriate relationship with a friend. The court will touch upon the requirements that must be met in order to consider that claim in the law category to follow.
It would appear that the plaintiff was determined to pursue his dream to work in the outdoors in some capacity of campground maintenance and/or management. The defendant supported the plaintiff in this pursuit.
The defendant made a significant contribution to the marital estate during the short duration of the marriage. However, the major asset of the marital estate, the equity in Winsted property was created by funds contributed by the plaintiff.
On the basis of the testimony adduced and the courts determination of the credibility of the parties, it would appear that the distribution of the proceeds of the sale of the Winsted property was based on the plaintiffs belief that the parties would reconcile. The court notes, in particular, the testimony of the plaintiff as to weekend discussions in September 2000, between the parties and the motion for reconciliation filed with the court on September 25, 2000.
It would appear that the plaintiff is doing the best that he can on the based on his age, health, education and overall financial circumstances and that the plaintiffs skills are not likely to markedly increase in the near future; however, as between the plaintiff and the defendant, the defendant has much the better of it with regard to present and future prospects.
THE LAW CT Page 13349
The court has considered all of the statutes which apply in matters of this nature which include without limitation General Statutes § 46b-62
(regarding attorney's fees), General Statutes § 46b-82 (regarding alimony) and General Statutes § 46b-81 (regarding property settlements).
The court has considered all of the applicable case law that governs the matter. The court has considered the testimony of the parties, their candor or lack thereof; all exhibits and the arguments of counsel.
In considering the issue of alimony, the court has considered the length of the marriage, the cause of the dissolution, the age, health, station, occupation, employability, estate and needs of the parties.
Accordingly, the court enters the following orders.
ALIMONY
The court awards no periodic alimony to either party.
PROPERTY DIVISION
The plaintiff shall retain the property at 83 Marshall Street, West Haven, Connecticut free and clear of any claims of the defendant.
The plaintiff shall retain the Breckinridge Trailer free and clear of any claim of the defendant and the plaintiff shall hold the defendant harmless with respect to any outstanding loan attached thereto.
The court finds that the distribution of the proceeds from the sale of the Winsted property should have been seventy (70) percent to the plaintiff and thirty (30) percent to the defendant. The plaintiff shall, by December 31, 2001, pay to the plaintiff the sum of $13,723.40, which represents the additional twenty (20) percent of the proceeds of the sale of the Winsted property.
MARITAL DEBT
The court finds that the defendant is responsible for twenty-five (25) percent of the joint marital debt of $7,468.00. The defendant shall by December 31, 2001, pay to the plaintiff the sum of $1,867.00, which represents the twenty-five (25) percent share of the joint marital debt.
ATTORNEY'S FEES CT Page 13350
The court enters no orders as to attorney's fees and leaves the parties to make their own arrangements with counsel.
HEALTH INSURANCE
Each of the parties shall be responsible for the cost of their own health insurance. The defendant should cooperate in so far as the plaintiff wishes to continue health insurance under the COBRA provisions of the defendant's plan.
OTHER MATTERS
Each party may keep and retain any other assets that they have or are shown in their financial affidavits free and clear of any claim of the other; this is to include bank accounts, any stocks or bonds, personalty and motor vehicles.
Each party is to be responsible for the debts and obligations shown on their respective financial affidavits.
The parties are declared to be single and unmarried pursuant to the provisions of the statute. The marital union is dissolved.
Cremins, J.